**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STOP THE CASINO 101 COALITION; ROBERT AHERNE; AMY BOYD; LISA CATELANI; MICHAEL ERICKSON; MICHAEL T. HEALY; LINDA LONG; LISA MCELROY; PAM MILLER; MARILEE MONTGOMERY; JAMIE WALLACE; CHIP WORTHINGTON; LINDA WORTHINGTON, | No. 09-16294 |
| | D.C. No. 3:08-cv-02846-SI |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| KENNETH SALAZAR, Secretary of the U.S. Department of the Interior; CARL J. ARTMAN, Assistant Secretary of the U.S. Department of the Interior for Indian Affairs; UNITED STATES DEPARTMENT OF THE INTERIOR; JERRY GIDNER, Director, Bureau of Indian Affairs, U.S. Department of the Interior; DALE MORRIS, Pacific Regional Director, Bureau of Indian Affairs, U.S. Department of the Interior; UNITED STATES BUREAU OF INDIAN AFFAIRS, | |
| Defendants - Appellees, | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and

FEDERATED INDIANS OF GRATON RANCHERIA,

Intervenor - Appellee.,

---

STOP THE CASINO 101 COALITION; ROBERT AHERNE; AMY BOYD; LISA CATELANI; MICHAEL ERICKSON; MICHAEL T. HEALY; LINDA LONG; LISA MCELROY; PAM MILLER; MARILEE MONTGOMERY; JAMIE WALLACE; CHIP WORTHINGTON; LINDA WORTHINGTON; FRANK EGGER; FRED SOARES,

Plaintiffs - Appellants,

v.

KENNETH SALAZAR, Secretary of the U.S. Department of the Interior; CARL J. ARTMAN, Assistant Secretary of the U.S. Department of the Interior for Indian Affairs; UNITED STATES DEPARTMENT OF THE INTERIOR; JERRY GIDNER, Director, Bureau of Indian Affairs, U.S. Department of the Interior; DALE MORRIS, Pacific Regional Director, Bureau of Indian Affairs, U.S. Department of the Interior; UNITED STATES BUREAU OF INDIAN AFFAIRS,

No. 09-16297

D.C. No. 3:08-cv-02846-SI

2

Defendants - Appellees,

and

FEDERATED INDIANS OF GRATON RANCHERIA,

Intervenor - Appellee.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted April 15, 2010
San Francisco, California

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

Stop the Casino 101 Coalition ("STOP"), an unincorporated association, and individual members of the association, filed suit against the Secretary of the Interior ("Secretary") and other government officials challenging the Secretary's final determination to take certain land ("Property") into trust on behalf of the Federate Indians of Graton Rancheria ("Tribe") pursuant to the Graton Rancheria Restoration Act. The District Court dismissed the case for lack of standing. We affirm. We review de novo a district court's determination that a party lacks standing, though we review the underlying factual determinations for clear error. *Preminger v. Peake*, 552 F.3d 757, 762 n.3 (9th Cir. 2008). Because the parties are

3

familiar with the factual and procedural history of the case, we need not recount it here.

"The party invoking federal jurisdiction bears the burden of establishing" the three elements of constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61. As the Supreme Court noted:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (internal quotation marks, footnote, and citations omitted) (alterations and omissions in original). "At the pleading stage," as in this case, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* at 561.

STOP's complaint alleges a variety of potential economic, environmental, and quality of life injuries, all of which, it claims, will come to pass only if the Tribe builds a casino on the Property. Injuries related to the possible building of a casino are hypothetical and not fairly traceable to an agency action that

4

affirmatively declined to determine whether or not a casino could be built on the Property.

STOP's complaint also alleges that it will be injured by loss of protection of state law—state law that would prevent the Tribe from building a casino that may cause STOP economic, environmental, and quality of life injuries. Loss of protection of state law is not a concrete injury in and of itself. Rather, an injury in fact must result from the loss of protection of state law. Here, the resultant injuries are all hypothetical, related to the possible building of a casino in the future.

Even if we assume that a private citizen could have standing to bring an action based on de facto cancellation of Williamson Act contracts, which may be rendered unenforceable by the acquisition, STOP would still be required to allege concrete injury resulting from the cancellation. *See* California Land Conservation Act of 1965 ("Williamson Act"), Cal. Gov't Code §§ 51200–51297.4. Not only are the possible economic, environmental, and quality of life injuries alleged in the complaint insufficiently traceable to the acquisition, their connection to the alleged cancellation of the Williamson Act contracts is even more tangential, since the portion of the land where the Tribe has proposed building a casino is not subject to any Williamson Act contracts.

5

The remainder of STOP's appellate arguments are unavailing. STOP did not plead current depreciation of property value. STOP is not currently asserting a procedural right in court that should have been afforded it by the Secretary during the acquisition process, but rather is alleging (at most) that it will lose the opportunity to assert rights in the future. This lost opportunity injury is not a procedural injury in the technical sense and does not confer standing. We also remind STOP that it is the settled law of this circuit that only states have standing to bring Tenth Amendment claims. *See Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 972 (9th Cir. 2009).[1]

**AFFIRMED.**

---

[1]The unopposed motion of the Cities of Petaluma, Sebastopol, and Cloverdale for leave to file an amicus brief is GRANTED.

6